THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* TOMÁS LÓPEZ DE VICTORIA, ET AL., Defendants and Appellants.

No. 15523. Argued February 1, 1954.—Decided January 31, 1955.

*F. Hernández Vargas* and *J. Hernández Vallé* for appellants. *Juan B. Fernández Badillo, Acting Attorney General,* and *Rafael L. Ydrach Yordán, Assistant Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

The Special Prosecuting Attorney of the District Court of Puerto Rico, Arecibo Section, filed an information against Tomás López de Victoria, Ricardo Díaz Díaz, Juan Jaca Hernández, Ricardo Díaz, Jr., Ismael Díaz Matos, Leonides

Díaz Díaz and Monserrate del Valle for a violation of Act No. 53 of June 10, 1948 (Spec. Sess. Laws, p. 170), committed as follows:

"The aforesaid defendants Tomás López de Victoria, Ricardo Díaz Díaz, Juan Jaca Hernández, Ricardo Díaz, Jr., Ismael Díaz Matos, Leonides Díaz Díaz and Monserrate del Valle, prior to the filing of this information, that is, in or about the month of October, 1950, and in the municipality of Arecibo, Puerto Rico, within the judicial district of Puerto Rico, unlawfully, maliciously, criminally, wilfully and knowingly, as leaders and active members of the group known as 'Nationalist Party of Puerto Rico' which is directed by and composed of persons who promoted, advocated, advised and preached, and promote, advocate, advise and preach the overthrowing, paralization and subversion of the Insular Government of Puerto Rico, and the political subdivisions thereof, by means of force and violence, then and there, the aforesaid defendants Tomás López de Victoria, Ricardo Díaz Díaz, Juan Jaca Hernández, Ricardo Díaz, Jr., Ismael Díaz Matos, Leonides Díaz Díaz and Monserrate del Valle promoted, advocated, advised and preached the necessity, desirability and expediency of overthrowing, paralizing and subverting the Insular Government of Puerto Rico, and the political subdivisions thereof, by means of force and violence, as well as that they also organized and helped organize a group of persons who promoted, advocated, advised and preached the overthrowing and subversion of the Insular Government of Puerto Rico, and the political subdivisions thereof, by means of force and violence, upon organizing and assembling Rafael Molina Centeno, Manolín Mena, Gilberto Rivera k/a Garata, Luis M. O'Neill, Bernardo Díaz, Israel Crespo, Gilberto Rivera, José Cerpa, Justo Guzmán, Manolín Méndez Gandía, Hipólito Miranda, Guillermo Hernández Vega and several other persons to whom they urged, advised, and preached the necessity, desirability and expediency of overthrowing, paralizing and subverting the Insular Government of Puerto Rico, and the political subdivisions thereof, by means of force and violence, at the same time that they provided themselves with and furnished to said persons firearms, bombs and other artifacts and drilled themselves in the use of firearms, all of it performed as part of a separatist movement motivated by the defendants herein,

Tomás López de Victoria, Ricardo Díaz Díaz, Juan Jaca Hernández, Ricardo Díaz, Jr., Ismael Díaz Matos, Leonides Díaz, Díaz and Monserrate del Valle and Rafael Molina Centeno,. Manolín Mena, Gilberto Rivera k/a Garata, Luis M. O'Neill, Bernardo Díaz, Israel Crespo, Gilberto Rivera, José Cerpa, Justo Guzmán, Manolín Méndez Gandía, Hipólito Miranda,. Guillermo Hernández Vega and other persons all belonging to the group known as the 'Nationalist Party of Puerto Rico', said movement directed to achieve the separation of Puerto Rico from the United States by means of force and violence, cul-- minating the aforesaid separatist movement in a rebellion which commenced on October 30, 1950, and in which they all participated."

A trial was held and the jury of the District Court of Puerto Rico, Arecibo Section, found all of the defendants guilty except Monserrate del Valle. By virtue of said verdict. the District Court of Puerto Rico, Arecibo Section, sentenced defendants and appellants to a term of from two to ten years' imprisonment in the penitentiary at hard labor without costs. Feeling aggrieved by said judgment, the defendants-appellants appealed to this Court. After filing the judgment roll which is composed of the following documents only: (1) information, (2) motion of The People to include witnesses, (3) verdict of the jury, (4) judgment and (5) notice of appeal, the counsel for defendants and appellants submitted the case on the following writing: "That they only intend to question Act No. 53 of June 10, 1948, the violation of which is charged herein, and in view thereof, they assign the same errors assigned by the defendants-appellants Rafael A. Burgos Fuentes and Eduardo López Vázquez in the case filed against them, already submitted for decision to this Court by the Superior Court of Puerto Rico, Guayama Part, for an alleged violation of the same Act, cases Nos. 15,299 and 15,300 of this Honorable Court . . . that they wish to submit their case for decision by this Honorable Court on the same arguments, both written and oral, adduced by said appellants in the aforesaid-mentioned case."

The only assignment of error in criminal case No. 15,299, *The People of Puerto Rico* v. *Rafael A. Burgos Fuentes* for violation of Act No. 53 of June 10, 1948, (Spec. Sess. Laws, p. 170) was the following:

"1. *Act No. 53 of June 10, 1948 is nonexistent in law.*

"2. Act No. 53 of June 10, 1948 is unconstitutional; the third paragraph of the first section thereof being unconstitutional in itself, irrespective of the rest of said Act.

"3. Act No. 53 of June 10, 1948 is inapposite to the defendants-appellants' case, the insular courts lacking jurisdiction.

"4. The offense conceived by Act No. 53 of June 10, 1948 is of a continuous nature; all the acts allegedly committed in contravention of said law constitute a single indivisible act and a single offense; and the defendants were already tried and convicted at the District Court of Puerto Rico, San Juan Section for the same alleged offense; (jeopardy)."

As to case No. 15,300, *The People of Puerto Rico* v. *Eduardo López Vázquez*, it was consolidated with the *Burgos* case for the purposes of an appeal, on motion of the defendant-appellant himself. By virtue of our opinion rendered in the *Burgos* case, 75 P.R.R. 517, we repudiate the first three questions of law contained in the assignment of error. We agreed that the offense conceived by Act No. 53 of June 10, 1948 is of a continuous nature and we acquitted defendant because he had been tried and convicted of the same offense by the District Court of Puerto Rico, San Juan Section. However, in the case at bar it has not been shown that said plea of double jeopardy was filed in the District Court of Puerto Rico, Aguadilla Section, or that the Judgment Roll filed in this case discloses that the defendant and appellant was previously sentenced for the same offense by any Section of the former District Court of Puerto Rico.

For the foregoing reasons, the judgment appealed from will be affirmed.